UNITED STATES DISTRICT
COURT FOR THE
SOUTHERN DISTRICT OF
FLORIDA

CASE NO.:

WINDY LUCIUS,

       Plaintiff,

v.

BEACH BUNNY, LLC.,

       Defendant.

_____/

**COMPLAINT FOR
DAMAGES AND
INJUNCTIVE RELIEF**

Comes now Windy Lucius, ("Plaintiff") by and through her undersigned counsel, hereby files this complaint and sues Defendant, BEACH BUNNY, LLC, a foreign corporation doing business in Florida and alleges as follows:

**INTRODUCTION**

1. Plaintiff Windy Lucius brings this action individually and on behalf of all others similarly situated against BEACH BUNNY, LLC, ("Defendant"), alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, (hereinafter, "ADA").

2. Plaintiff is a blind individual. She is young, social and involved. She has

been blind for the past nine years. She uses the internet to help her navigate a world of goods, products and services like the sighted. She brings this action against Defendant for offering and maintaining an internet website that is not fully accessible and independently usable by visually impaired consumers. The website at issue is www.beachbunnyswimwear.com (hereinafter, "website").

3. Defendant offers its website to the general public from which it sells women's swim clothing and accessories. As such, it has subjected itself to the ADA. Defendant's website is offered as a tool to promote, advertise and sell clothing and accessories from its brick and mortar stores, which are places of public accommodation. As a result, the website must interact with Defendant's stores and the public, and in doing so must comply with the ADA, which means it must not discriminate against individuals with disabilities and may not deny full and equal enjoyment of the goods and services afforded to the general public.

4. Blind and visually impaired consumers must use screen reading software or other assistive technologies in order to access website content. Defendant's website, however, contains digital barriers which limit the ability of blind and visually impaired consumers to access it.

5. Defendant's website does not properly interact with screen reader software in a manner that will allow the blind and visually impaired to enjoy the website, nor does it provide other means to accommodate the blind and visually impaired.

6. Plaintiff has patronized Defendant's website in the past and intends to continue to patronize Defendant's website. She would like to be able to pre-shop Defendant's merchandise before going to Defendant's brick and mortar location. However, unless

Defendant is required to eliminate the access barriers at issue and required to change its policies so that access barriers do not reoccur on Defendant's website, Plaintiff will continue to be denied full and equal access to the website as described and will be deterred from fully using Defendant's website or shopping at the physical locations.

7. The ADA expressly contemplates the type of injunctive relief that Plaintiff seeks in this action. The ADA provides, in part:

> [i]n the case of violations of . . . this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities . . . Where appropriate, injunctive relief shall also include requiring the . . . modification of a policy . . .

42 U.S.C. § 12188(a)(2).

8. Therefore, Plaintiff seeks a declaration that Defendant's website violates federal law as described and an injunction requiring Defendant to modify its website so that it is fully accessible to, and independently usable by, blind or visually impaired individuals. Plaintiff further requests that the Court retain jurisdiction of this matter for a period to be determined to ensure that Defendant comes into compliance with the requirements of the ADA and to ensure that Defendant has adopted and is following an institutional policy that will, in fact, cause Defendant's website to remain in compliance with the law.

## **JURISDICTION AND VENUE**

9. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 12188.

10. Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district where it has at least one physical location.

11. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(1) and (2) in that this is the judicial district in which Defendant resides, and in which a substantial part

of the acts and omissions giving rise to the claims occurred.

12. This Court has personal jurisdiction over BEACH BUNNY, LLC pursuant to, *inter alia*, Florida's long arm statute F.S. § 48.193, in that Defendant: (a) operates, conducts, engages in, and/or carries on a business or business ventures (s) in Florida and/or has an office or agency in Florida; (b) has committed one or more tortious acts within Florida; (c) was and/or is engaged in substantial and not isolated activity within Florida; and/or (d) has purposely availed itself of Florida's laws, services and/or benefits and therefore should reasonably anticipate being hailed into one or more of the courts within the State of Florida.

## PARTIES

13. Plaintiff, Windy Lucius, is and, at all times relevant hereto, was a resident of the State of Florida. Plaintiff is and, at all times relevant hereto, has been legally blind and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*.

14. Defendant BEACH BUNNY, LLC. owns, operates and maintains a store called BEACH BUNNY, LLC, in Miami Beach, Florida. Defendant's store sells women's clothing to the public. Defendant also offers those items to the public through its website. Defendant's store and accompanying website work collectively and are public accommodations pursuant to 42 U.S.C. § 12181(7)(E).

## FACTS

15. Defendant owns, operates and controls an internet website known as www.beachbunnyswimwear.com from which it sells women's clothing. They sell that same clothing from their corresponding brick and mortar stores. Defendant's website also helps

users locate stores, view pricing and specials, shop for women's clothing and accessories, and a variety of other functions. Plaintiff has shopped with Defendant and enjoys the clothing that it sells for women.

16. Defendant's website is a nexus to a place of public accommodation pursuant to 42 U.S.C. § 12181(7)(E). Therefore, under the ADA, Defendant must ensure that individuals with disabilities have access to full and equal enjoyment of the goods and services offered on its website.

17. Blind and visually impaired individuals may access websites by using keyboards in conjunction with screen reader software that converts text to audio. Screen reader software provides the primary method by which a visually impaired person may independently use the internet. Unless the website is designed to be accessed with screen reader software, visually impaired individuals are unable to fully access website and the information, products, and services available through the website.

18. The international website standards organization, W3C, has published WCAG 2.0 AA (Version 2.0 of the Web Content Accessibility Guidelines). WCAG 2.0 AA provides widely accepted guidelines for making websites accessible to individuals with disabilities and compatible with screen reader software. These guidelines have been endorsed by the United States Department of Justice and numerous U.S. District Courts.

19. Plaintiff is legally blind and uses JAWS screen reader software (hereinafter, "Plaintiff's software") in order to access website content. Plaintiff's software is the most popular screen reader software utilized worldwide by visually impaired individuals.

20. Despite several attempts, Defendant's website did not integrate with

Plaintiff's software, nor was there any function within the website to permit access for visually impaired individuals through other means. Her shopping attempts were rendered futile because the website was inaccessible. Therefore, Plaintiff was denied the full use and enjoyment of the goods and services available on Defendant's website as a result of access barriers on the website.

21. Defendant's website does not meet the WCAG 2.0 AA level of accessibility.

22. By failing to adequately design and program its website to accurately and sufficiently integrate with popular commercially available screen reader software, Defendant has discriminated against Plaintiff and others with visual impairments on the basis of a disability by denying them full and equal enjoyment of the website, in violation of 42 U.S.C. § 12182(a) and C.F.R. § 36.201.

23. As a result of Defendant's discrimination, Plaintiff was unable to use Defendant's website and suffered an injury in fact including loss of dignity, mental anguish and other tangible injuries.

24. The barriers at the website have caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff from attempting to use Defendant's website.

25. If Defendant's website were accessible, Plaintiff could independently research, review and purchase clothing and accessories from Defendant's stores online, as well as utilize the other functions on the website.

26. Plaintiff believes that although Defendant may have centralized policies regarding the maintenance and operation of its website, Defendant has never had a plan or policy that is reasonable calculated to make its website fully accessible to, and

independently usable by, people with visual impairments.

27. Without injunctive relief, Plaintiff and other visually impaired individuals will continue to be unable to independently use Defendant's website in violation of their rights under the ADA.

## SUBSTANTIVE VIOLATION

### (Title III of the ADA, 42 U.S.C. § 12181 *et seq.*)

28. The allegations contained in the previous paragraphs are incorporated by reference.

29. Section 302(a) of Title III of the ADA, 42 U.S.C. § 12101 et seq., provides: "No individual shall be discriminated against on the basis of a disability in the full and equal enjoyment the goods, facilities, privileges, advantages or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

30. Defendant's stores and accompanying website are public accommodations within the definition of Title III of the ADA, 42 U.S.C. § 12181(7)(E).

31. Under Section 302(b)(2) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages or accommodations of an entity. 42 U.S.C. § 12182(b)(1)(A)(i).

32. Under Section 302(b)(2) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages or accommodations, which is equal to the opportunities afforded to other individuals. 42 U.S.C. § 12182(b)(1)(A)(ii).

33. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things:

> a failure to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations; and a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of good, service, facility, privilege, advantage or accommodation being offered or would result in an undue burden.

42 U.S.C. § 12182(b)(2)(A)(ii) (iii); see also 28 C.F.R. § 36.303(a).

34. Title III requires that "[a] public accommodation shall furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities." 28 C.F.R. § 36.303(c)(1). The regulations set forth numerous examples of "auxiliary aids and services," including "…accessible electronic and information technology; or other effective methods of making visually delivered materials available to individuals who are blind or have low vision." 28 C.F.R. § 36.303(b).

35. The acts alleged herein constitute violations of Title III of the ADA, and the regulations promulgated thereunder. Plaintiff, who is legally blind and has a disability that substantially limits the major life activity of seeing within the meaning of 42 U.S.C. §§ 12102(1)(A) and (2)(A), has been denied full and equal access to Defendant's website. Plaintiff has not been afforded the goods, services, privileges and advantages that are provided to other patrons who are not disabled, and/or has been provided goods, services, privileges and advantages that are inferior to those provided to non-disabled persons. These violations are ongoing as Defendant has failed to make any prompt and equitable changes to

its website and policies in order to remedy its discriminatory conduct.

36. Pursuant to 42 U.S.C. 12188 and the remedies, procedures and rights set forth and incorporated therein, Plaintiff, on behalf of herself and on behalf of others similarly situated requests relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and others similarly situated prays for:

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant took no action that was reasonably calculated to ensure that its website is fully accessible to, and independently usable by, blind individuals;

b. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504 (a) which directs Defendant to take all steps necessary to brings its website into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that its website is fully accessible to, and independently usable by, blind individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

c. Payment of costs of suit;

d. Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505; and,

e. The provision of whatever other relief the Court deems just, equitable and appropriate.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74TH Court, Suite 2201
Miami, FL 33156
T:  305-351-2014
cc@cunninghampllc.com